Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000448
29-FEB-2016
08:04 AM

NO. CAAP-14-0000448

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MOANI J.K. THOMAS, Defendant-Appellant, and
THEODORE M. GATES, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 12-1-0450)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Moani J.K. Thomas (**Thomas**) appeals
from the Judgment of Conviction and Sentence filed on January 22,
2014 (**Judgment**) in the Circuit Court of the First Circuit
(**Circuit Court**).[1] After a jury trial, Thomas was convicted of
Count I: Unauthorized Entry into Motor Vehicle in the First
Degree (Hawaii Revised Statutes (**HRS**) § 708-836.5 (2014)) and
Count III: Promoting a Dangerous Drug in the Third Degree (HRS §
712-1243 (2014)).

On appeal, Thomas argues that the Circuit Court erred
in denying his Supplemental Requested Instructions Nos. 1 and 2,

---

[1] The Honorable Dexter D. Del Rosario presided.

and by denying his Motion for Judgment of Acquittal as to Count III.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Thomas's points of error as follows:

(1) Thomas's Requested Supplemental Jury Instruction No. 1, which pertains to Count III, provided:

> In any prosecution it is a defense that the conduct alleged on the charged offense does not include a voluntary act. A "voluntary act" means a bodily movement performed consciously or habitually as the result of effort of determination of the Defendant.
>
> The burden is on the prosecution to prove beyond a reasonable doubt that the Defendant's conduct as to the Promoting a Dangerous Drug in the Third Degree and the Unlawful Use of Drug Paraphernalia charges included a voluntary act. If the prosecution fails to meet its burden, then you must find the Defendant not guilty of the charge.

This proposed instruction reflects the language of HRS § 702-200(1) (2014)[2] and HRS § 707-201 (2014).[3] Citing to State v. Robinson, 82 Hawai'i 304, 922 P.2d 358 (1996), *overruled on other grounds by* State v. Tafoya, 91 Hawai'i 261, 982 P.2d 890 (1999), Thomas argues that "[a] defendant 'is entitled to an instruction on every defense or theory of defense having any support in the evidence . . . no matter how weak, inconclusive or unsatisfactory the evidence may be.'" He argues that, because he testified that he did not "voluntarily" possess the methamphetamine, and because his co-defendant, Theodore M. Gates

---

[2]     HRS § 702-200(1) reads: "In any prosecution it is a defense that the conduct alleged does not include a voluntary act or the voluntary omission to perform an act of which the defendant is physically capable."

[3]     HRS § 702-201 reads: "'Voluntary act' means a bodily movement performed consciously or habitually as the result of the effort or determination of the defendant."

2

(**Gates**), testified that these items were his and that he had placed them in the car, there was support in the evidence for instruction on the voluntary act defense.

We agree that the evidence could have supported a finding that Thomas did not possess the methamphetamine "voluntarily," if the jury determined that he was not conscious or aware of the methamphetamine. Nevertheless, we conclude that the jury instructions given by the Circuit Court properly precluded the jury from finding Thomas guilty absent a finding that he committed a "voluntary" or conscious act in possessing the drug.

Thomas was charged and convicted under HRS § 712-1243: Promoting a Dangerous Drug in the Third Degree. HRS § 712-1243(1) provides that: "A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount." HRS § 702-202 (2014) states that: "Possession is a voluntary act if the defendant knowingly procured or received the thing possessed or if the defendant was aware of the defendant's control of it for a sufficient period to have been able to terminate the defendant's possession." The jury instructions in this case regarding Promoting a Dangerous Drug in the Third Degree stated, in relevant part:

> In Count 3 of the Complaint, the Defendant, Moani J. K. Thomas, is charged with the offense of Promoting a Dangerous Drug in the Third Degree.
>
> A person commits the offense of Promoting a Dangerous Drug in the Third Degree <u>if he knowingly possesses methamphetamine</u> in any amount.

> There are two material elements of the offense of Promoting a Dangerous Drug in the Third Degree, each of which the prosecution must prove beyond a reasonable doubt.
>
> These two elements are:
>
> 1. That, on or about March 15, 2012, on the island of Oahu, the Defendant possessed methamphetamine in any amount; and
>
> 2. That the Defendant did so knowingly.
>
> A person is in possession of an object if the person knowingly procured or received the thing possessed or was aware of his control of it for a sufficient period to have terminated his possession.

(Emphasis added.)

Pursuant to these instructions, if the jury found beyond a reasonable doubt that Thomas was in possession of the methamphetamine as defined by the jury instructions, then it necessarily found that Thomas committed a voluntary act, as defined in HRS § 702-202. Conversely, if the jury had found that Thomas did not knowingly procure or receive the methamphetamine or was not aware of his control of it for a sufficient period to have terminated his possession, i.e. that he did not commit a voluntary act, then, following the jury instructions, it would have had to find Thomas not guilty. Thus, the instructions precluded the jury from finding Thomas guilty absent a finding that he committed a voluntary act as defined by statute, and they were not prejudicially insufficient, erroneous, inconsistent or misleading. See State v. Hironaka, 99 Hawai'i 198, 206, 53 P.3d 806, 814 (2002).

(2) Thomas's Requested Supplemental Jury Instruction No. 2 provided:

> Where the actual possession of the item is not at issue, the prosecution must prove a sufficient nexus between the defendant and the item in order to establish constructive possession of the item.

4

> Proof [of] the defendant's knowledge of the presence of the items and the defendant's ownership or right to possession of the place where the items were found, alone, are insufficient to support a finding of the exercise of dominion and control. Other incriminating circumstances must be present to buttress the inference of knowing possession and provide the necessary link between a defendant and illegally.

The court's instruction to the jury stated, in relevant part:

> The law recognizes two kinds of possession: actual possession and constructive possession.
>
> A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing for a sufficient period to terminate his possession of it, either directly or through another person or persons, is then in constructive possession of it. The fact that a person is near an object or is present or associated with a person who controls an object, without more, is not sufficient to support a finding of possession.

Both Thomas's requested instruction and the court's instruction are correct statements of the law. See State v. Foster, 128 Hawai'i 18, 26, 282 P.3d 560, 568 (2012); Hironaka, 99 Hawai'i at 206, 53 P.3d at 814. In Hironaka, the defendant requested an instruction that "mere proximity to an object, mere presence or mere association with a person who does control an object, without more, is insufficient to support a finding of possession." Hironaka, 99 Hawai'i at 202, 53 P.3d at 810 (brackets and internal quotation marks omitted). Although recognizing that this proposed instruction was a proper statement of the law, the court stated that:

> a proper jury instruction on constructive possession precludes a finding of possession based on the defendant's "mere proximity" to an object, inasmuch as it instructs the jury, as did the circuit court in the present matter, that the defendant must have both "the power and the intention . . . to exercise dominion or control over" an object, in order to find that he or she constructively possessed that object. Naturally, "if a person is in mere proximity to contraband, the person does not have the intention to exercise dominion or control over it." Thus, it is generally unnecessary to give a "mere proximity" instruction

> if the jury is otherwise properly instructed on the law of constructive possession. . . .
>
> In the present matter, the circuit court instructed the jury regarding constructive possession as follows:
>
>> A person who, although not in actual possession, *knowingly has both the power and the intention*, at a given time, *to exercise dominion or control over a thing* for a sufficient period to have terminated his possession, either directly or through another person or persons is then in constructive possession of it.
>
> (Emphases added.) Thus, the circuit court's instruction on constructive possession clearly precluded the jury from finding that Hironaka possessed the pipe, with its methamphetamine residue, based merely on his proximity to it, because, as instructed, the jury had to find both that Hironaka knew that the pipe contained methamphetamine and that he intended to exercise dominion or control over the drug in order to find that he constructively possessed it.

Id. at 206-207, 53 P.3d at 814-15 (citations and brackets omitted).

As in Hironaka, the court's instruction in this case precluded the jury from finding Thomas guilty based solely on his knowledge of the presence of the methamphetamine or his ownership or right of possession of the place where it was found, without a "sufficient nexus" or "other incriminating evidence," because it properly required the jury to find that Thomas not only knowingly had the power to exercise dominion and control over the methamphetamine, but also that he *intended* to exercise such dominion and control. Thus, the court's jury instruction was sufficient.

(3) HRS § 712-1243 provides that: "A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount." Any substance which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers is a dangerous drug for the purposes of this statute. HRS § 712-1240 (2014);

HRS § 329-16(e)(2) (2010). Thus, the sole issue with respect to the HRS § 712-1243 charge was whether Thomas knowingly possessed (more specifically, constructively possessed) the methamphetamine found in his car. The supreme court has summarized the law of constructive possession in Hawai'i as follows:

> The law, in general, recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion over a thing, either directly or through another person or persons, is then in constructive possession of it.
>
> . . . .
>
> Where actual possession of the item is not at issue, the State must prove a sufficient nexus between the defendant and the item in order to establish constructive possession of the item: "To support a finding of constructive possession the evidence must show a sufficient nexus between the accused and the item to permit an inference that the accused had both the power and the intent to exercise dominion and control over the item. Mere proximity is not enough." . . .
>
> [P]roof of the defendant's knowledge of the presence of the items and the defendant's ownership or right to possession of the place where the items were found, alone, are insufficient to support a finding of the exercise of dominion and control. Other incriminating circumstances must be present to buttress the inference of knowing possession and provide the necessary link between a defendant and illegal items.
>
> [The Hawai'i Supreme Court] has also since noted that it "is correct that mere proximity to the item, mere presence, or mere association with the person who does control the item is insufficient to support a finding of possession."

Foster, 128 Hawai'i at 26-27, 282 P.3d at 568-69 (citations and brackets omitted, block quote format altered).

Thomas first argues that his conviction for possessing methamphetamine is inconsistent with the jury's finding that he was not guilty of Unlawful Use of Drug Paraphernalia.[4] However,

---

[4] For the purposes of this argument, Thomas assumes that "[t]he alleged items of paraphernalia were two pipes with residue or plastic bags, one of which contained methamphetamine."

HRS § 329-43.5 (2014): Prohibited acts related to drug paraphernalia, provides that: "It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia. . . ." The "use" or "intent to use" requirements are absent in HRS § 712-1243. Thus, a jury could have found that Thomas possessed drug paraphernalia but did not use or intend to use them. The acquittal under HRS § 329-43.5, therefore, was not necessarily inconsistent with the conviction under HRS § 712-1243.

Concerning whether there was sufficient evidence to support a prima facie case under HRS § 712-1243, we have previously noted certain factors that have been considered by other courts as inferring a nexus between a defendant and the drugs found, including:

> 1) the defendant's ownership of . . . or right to possession of the place where the controlled substance was found; 2) the defendant's sole access to the place where the controlled substance was found; 3) defendant under the influence of narcotics when arrested; 4) defendant's presence when the search warrant executed; 5) the defendant's sole occupancy of the place where the controlled substance was found at the time the contraband is discovered; 6) the location of the contraband . . . ; 7) contraband in plain view; 8) defendant's proximity to and the accessibility of the narcotic; 9) defendant's possession of other contraband when arrested; 10) defendant's incriminating statements when arrested; 11) defendant's attempted flight; 12) defendant's furtive gestures; 13) presence of odor of the contraband; 14) presence of other contraband or drug paraphernalia, not included in the charge; 15) place drugs found was enclosed.

State v. Moniz, 92 Hawai'i 472, 476, 992 P.2d 741, 745 (App. 1999) (citation and brackets omitted). Other relevant factors include "the consistent presence of known narcotics users on the premises, the large quantity of drugs found, the presence of large sums of money, the fact that the defendant had previously sold drugs, or used drugs, and the fact that the drugs were found

among the defendant's personal belongings." Id. (citations, internal quotation marks and brackets omitted). We have also noted:

> While the foregoing factors are helpful in the abstract in evaluating whether constructive possession exists in a particular factual situation, they are far more difficult to apply in cases . . . where a defendant does not have exclusive possession or control of the place where drugs are found and no drugs are found on the defendant's actual person.

Id.

Here, several, but not all, of these factors were present. Thomas owned the car where the plastic bag of methamphetamine was found, he was in close proximity to the methamphetamine and had easy access to it, and the methamphetamine was found among his personal belongings, namely his driver's license and bank card. We note, however, that Thomas's ownership of the car and his close proximity to the drugs would, by themselves, be insufficient to establish constructive possession. Foster, 128 Hawai'i at 26-27, 282 P.3d at 568-69. Indeed, as noted in Moniz, this is the type of case where constructive possession is difficult to prove because Thomas did not have exclusive control of the place where the drugs were found (since Gates was in the car with him and was driving) and no drugs were found on his person. In such situations, "it is necessary for the State to show facts that would permit 'a reasonable mind to conclude that the defendant had the intent and capability to exercise control and dominion over the drugs.'" Moniz, 92 Hawai'i at 476, 992 P.2d at 745 (citation and brackets omitted).

Here, the fact that the plastic bag of methamphetamine was found in a gray zippered pouch containing Thomas's driver's license and bank card, which itself was contained within a red zippered pouch in Thomas's glove compartment, would permit a reasonable mind to conclude that Thomas had both the capability and intent to exercise control and dominion over the methamphetamine. See State v. Tabaldi, 77 A.3d 1124, 1134 (N.H. 2013) ("Personal possessions of the defendant found in close proximity to the controlled substance may provide a sufficiently close nexus between the defendant and the substance to allow the jury to infer possession.") (citations, internal quotation marks, and brackets omitted). That the methamphetamine was in a small pouch contained within a larger pouch strongly suggests that it was not commingled with Thomas's cards by accident. Thomas's driver's license and bank card are very important personal items, which strongly suggests that they were not carelessly placed in the pouches and, thus, that Thomas knowingly and intentionally exercised dominion and control over them. We note that Gates testified that the methamphetamine was his and that he did not show it to Thomas. Thomas also testified that the methamphetamine was not his and he did not know how his cards came to be in the pouch. However, "[i]t is the jury's province to determine the credibility of witnesses, weigh the evidence and draw justifiable inferences of fact from that evidence." State v. Chun, 93 Hawai'i 389, 397, 4 P.3d 523, 531 (App. 2000) (citations omitted). Given the evidence in this case, in particular the commingling of Thomas's important personal

identification and banking cards inside a pouch with illegal drugs, inside of another pouch, in the glove compartment of Thomas's car, the jury was justified in disregarding Gates's and Thomas's testimony as not credible.

Thus, viewing the evidence in the light most favorable to the prosecution and in full recognition of the province of jury as the trier of fact, we find that there was sufficient evidence to support a prima facie case so that a reasonable mind might fairly conclude beyond a reasonable doubt that Thomas was guilty of Promoting a Dangerous Drug in the Third Degree.

For these reasons, the Circuit Court's January 22, 2014 Judgment is affirmed.

DATED: Honolulu, Hawai'i, February 29, 2016.

On the briefs:

Keith S. Shigetomi,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge